IN THE UNITED STATES DISTRICT COURT
FOR NORTHERN ILLINOIS

RYAN HOPKINS, ) CASE: 22CV227
    PLAINTIFF, )
    v. )
)
NORFOLK SOUTHERN CORPORATION, )
    DEFENDANT. )

### COMPLAINT FOR MONETARY AND EQUITABLE RELIEF

NOW COMES Plaintiff Hopkins (a male former police officer who is white), by counsel, and files this complaint for racial discrimination, and retaliation for having complained of racial discrimination.

### JURISDICTION & VENUE

(1) Jurisdiction of this court arises under 28 U.S.C. §1331; 28 U.S.C. 1332; and 42 U.S.C. §1981 (and, for fees by way of §1988).

(2) Venue is had through 28 U.S.C. § 1391. Defendant is a resident in the geographic area for which the germane U.S. District Court is located; and that a substantial part of the events or omissions giving rise to the claims herein occurred in this district.

### PARTIES

(3) Plaintiff RYAN HOPKINS is male, and a legal adult and a resident of Kankakee County, Illinois. Plaintiff was harmed by the Defendant in Cook County, Illinois. Plaintiff was employed as a police officer by Defendant.

(4) Defendant Norfolk Southern Corporation, a citizen of the state of Georgia, doing business in Illinois at 2040 E. 106TH ST Chicago, IL 60617;

1

with its principal place of business at 650 W Peachtree St NW, Atlanta, GA, 30308.

## **FACTS**

( 1 )   Plaintiff is a white male.

( 2 )   Plaintiff was employed as a police officer by Defendant.

( 3 )   In 2021, Plaintiff sought a promotion to the rank of supervisory special agent (for which he was qualified).

( 4 )   There were two openings.

( 5 )   Plaintiff was denied the promotion. Two less qualified people, not white, were promoted.

( 6 )   Plaintiff complained to Defendant in the summer 2021 that racial discrimination was the "but for" reason he was not promoted.[1]

( 7 )   But for Plaintiff being white, he would not have been subject to deprivation of her rights. This includes that he would not have been denied the promotion.

( 8 )   But for Plaintiff having engaged in protected activity (namely that of complaining to Defendant of racial discrimination by Defendant in and as to the aforementioned promotion process), he would not have been subjected, by Defendant, to deprivation of [his] 42 USC 1981 rights.

---

[1] Included in internal complaint, was a claim of sex discrimination. Plaintiff does not include this claim in this complaint, since he does not yet have the EEOC Right-to-Sue Letter.

( 9 )   Plaintiff's employment was terminated by Defendant in December 2021.

( 1 0 ) Plaintiff was terminated because he complained of racial discrimination.

( 1 1 ) But for Plaintiff having complained of racial discrimination, he would not have been terminated.

( 1 2 ) In violation of 42 USC 1981, Plaintiff was treated less favorably than were two non-white employees (the aforementioned, where the two were promoted; as well as when Plaintiff was subjected to retaliation by Defendant.

( 1 3 ) Plaintiff was deprived of rights by Defendant to which Plaintiff was entitled by 42 USC 1981.

## COUNT I: 42 U.S.C. § 1981
## Racial Discrimination

(1)   Plaintiff repeats, re-alleges and incorporates by reference, the allegations in all preceding paragraphs of this Complaint, especially the section entitled "FACTS," with the same force and effect as if herein set forth. The facts section is to be read as Paragraph 1 of this count.

(2)   Plaintiff's race was a 'but-for cause' of his injury.

(3)   The conduct referenced above (and in the Facts section) occurred because of Plaintiff's race.

(4)   Although Defendant was on notice, it did not taken action to address or correct the discriminatory conduct in issue.

(5)     Plaintiff suffered harm to include deprivation of rights, pain and suffering; stigma damage; humiliation; stress; and legal fees.

(6)     Defendant's conduct was and is the proximate cause and substantial factor in causing Plaintiff's harm.

(7)     Defendant engaged in discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual.

WHEREFORE, and that there is sought, judgment against Defendant for actual, general, special, compensatory damages in the amount of $500,000.00, plus punitive damages and further demands that Plaintiff is reinstated as a police officer by Defendant. Plaintiff seeks costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

### COUNT II: 42 USC 1981
### Retaliation (Race)

(1)     Plaintiff repeats, re-alleges and incorporates by reference, the allegations in all preceding paragraphs of this Complaint, especially the section entitled "FACTS," with the same force and effect as if herein set forth. The facts section is to be read as Paragraph 1 of this count.

(2)     Plaintiff engaged in Constitutionally protected activity when he complained to Defendant of racial discrimination.

(3)     Plaintiff"s employment was terminated by Defendant.

(4)     Plaintiff's race was a 'but-for cause' of his injury.

(5)     Plaintiff's protected activity was a 'but-for cause' of his injury.

4

(6) Plaintiff was terminated because he engaged in germane protected activity.

(7) Defendant was aware (having had direct knowledge) of the aforementioned protected activity when it retaliated against Plaintiff.

(8) Defendant engaged in discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual.

(9) Plaintiff's having complained of a racial discrimination was a 'but-for cause' of his injury.

(10) Plaintiff did suffer harm and incurred damages.

(11) Defendant proximately caused the harm, injury, and damages.

(12) Plaintiff suffered harm to include deprivation of rights, pain and suffering; stigma; loss of income; humiliation; and garden variety stress.

WHEREFORE, and that there is sought, judgment against Defendant for actual, general, special, compensatory damages in the amount of $500,000.00, plus punitive damages and further demands that Plaintiff is reinstated as a police officer by Defendant. Plaintiff seeks costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

**\*Plaintiff hereby makes a demand for a Jury.**

DATED: 1-13-2022
Respectfully Submitted,
s\Christopher Cooper, ESQ., Plaintiff's Counsel
A FRATERNAL ORDER OF POLICE LEGAL DEFENSE PLAN ATTORNEY
Law Office of Christopher Cooper, INC.
105 W. Madison Street, Suite 1350, Chicago, Il 60602

Tel: 312 473 2968; FAX: 866 334 7458; E-Mail: cooperlaw3234@gmail.com

Pursuant to 28 U.S.C. 1746, I, RYAN HOPKINS, being duly sworn on oath, state that I have read the foregoing Complaint and that I know the contents thereof to the best of my ability as a non-lawyer, and the same are true and correct to the best of my knowledge.

Plaintiff's Signature: s\RYAN HOPKINS, 1-13-22